

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2000 JUL 14 PM 4: 24
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN L. MARTIN #182277** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0359** |
| **WARDEN PHELPS CORRECTIONAL CENTER, ET AL** | **SECTION "T"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Section 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)), or, the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and, the facts underlying the claim show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

DATE OF MAILING JUL 17 2000

DATE OF ENTRY JUL 17 2000

Fee ____
Process ____
X Dktd ____
CtRmDep ____
Doc.No. 9

Petitioner, John Martin, is an inmate incarcerated at the Phelps Correctional Center, DeQuincy, Louisiana. On July 9, 1997, petitioner was found guilty by a jury of one count of possession of cocaine with the intent to distribute in violation of La.Rev.Stat.Ann. § 40:967(B)(1) (West 2000).[2] On September 9, 1997, the petitioner was sentenced to seven (7) years at hard labor with credit for time served.[3]

On February 24, 1999, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence.[4] On March 25, 1999, petitioner applied for supervisory and/or remedial writs with the Louisiana Supreme Court.[5] On October 1, 1999, the Louisiana Supreme Court denied petitioner's application.[6]

In support of his application for federal *habeas corpus* relief, the petitioner claims that the trial court erred in failing to suppress evidence seized based upon a search warrant issued without sufficient probable cause.[7]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law, and which have been described as a "deference

---

[2] State Rec., Vol. II of II.

[3] State Rec., Vol. II of II.

[4] State v. Martin, 730 So.2d 1029 (La. App. 4 Cir. 1999).

[5] State Rec., Vol. I of II.

[6] State v. Martin, 747 So.2d 1136 (La. 1999).

[7] Rec. Doc. 1.

2

scheme." Hill v. Johnson, 210 F.3d. 481, 485 (5th Cir. 2000)(citing Trevino v. Johnson, 168 F.3d 173, 181 (5th Cir.), *cert. denied*,-----U.S.------, 120 S. Ct. 22, 144 L.Ed.2d 825(1999)). Under that scheme, pure questions of law and mixed question of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2), provided that the state court adjudicated the claim on the merits. *See* 28 U.S.C. § 2254(d).

With respect to questions of law and mixed questions of law and fact, a federal court must defer to the state court unless its decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, -----U.S.-----, 120 S. Ct. 1495, ------, 146 L.Ed.2d 389, 2000 WL 385369, at *28 (2000). Under § 2254(d)(1)'s "unreasonable application" language, a writ may issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 120 S.Ct. at ------, 2000 WL 385369, at *28. Factual findings are presumed to be correct, *see* 28 U.S.C. § 2254(e)(1), and a federal will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). Hill, 210 F.3d at 485.

Using these standards, the Court now reviews the merits of petitioner's claim.

Petitioner contends that the trial court erred when it failed to suppress evidence seized as a result of a search warrant that was not based upon probable cause. The trial court held a hearing

on the motion to suppress the evidence and denied it.[8] The Louisiana Fourth Circuit Court of Appeal also found this claim to be without merit:

> A trial judge's decision to deny a motion to suppress will be afforded great weight and will not be set aside unless to do so is clearly mandated by a preponderance of the evidence. In reviewing a denial of a motion to suppress, an appellate court is not limited to the evidence adduced at a suppression hearing, but may consider all pertinent evidence adduced at trial.
> La.C.Cr.P. article 162 provides that a search warrant may be issued "only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant." The Louisiana Supreme Court has held that probable cause exists when the facts and circumstances within the affiant's knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. The facts which form the basis for probable cause to issue a search warrant must be contained "within the four corners" of the affidavit. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. The determination of probable cause involves probabilities of human behavior as understood by persons trained in law enforcement.
> In its review of a magistrate's finding of probable cause, the reviewing court must determine whether the "totality of circumstances" set forth in the affidavit is sufficient to allow the magistrate to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a reasonable probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclu[ding] that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
> In the present case, Officer Lainez set forth the following circumstances in the affidavit filed with the application for search warrant:

---

[8] State Rec., Vol. II of II.

4

FACTS AND CIRCUMSTANCES SURROUNDING THIS ORDER OF SEARCH ARE AS FOLLOWS: ON THURSDAY, 1-16-97, FIRST DISTRICT NARCOTICS DETECTIVE JOSEPH LAINEZ, RECEIVED AN ANONYMOUS COMPLAINT AT THE FIRST DISTRICT STATION REGARDING , NARCOTICS BEING DISTRIBUTED AT 714 S. GAYOSO STREET, APT. # 9. THE CALLER ALLEGED THAT A BLACK MALE, KNOWN AS "PLATT", ABOUT 50 YEARS OF AGE, WAS ENGAGED IN DRUG TRAFFICKING. ON FRIDAY, 01/17/97, AT ABOUT 8:00 A.M., DETECTIVE LAINEZ CONDUCTED A SURVEILLANCE OF 714 S. GAYOSO STREET. DETECTIVE LAINEZ CONCEALED HIMSELF IN THE 700 BLOCK OF GAYOSO STREET WITH AN UNOBSTRUCTED VIEW OF 714 S. GAYOSO STREET. ON FRIDAY, AT ABOUT 8:15 A.M., THE DETECTIVE OBSERVED A BLACK FEMALE, APPROXIMATELY 30 YEARS OLD, CLAD IN A BLACK SHIRT AND BLUE JEANS, ENTER THE FRONT DOOR OF 714 S. GAYOSO STREET (APT.-9). THAT BLACK FEMALE KNOCKED AT THE DOOR TO THE BUILDING AND WAS SHORTLY AFTER, ALLOWED ENTRY BY A BLACK MALE, WHO WAS APPROXIMATELY 50 YEARS OF AGE AND CLAD IN A BLUE LONG SLEEVE SHIRT. AFTER A SHORT PERIOD OF TIME, THE FEMALE EXITED THE APARTMENT AND HEADED EAST ON GAYOSO STREET TO TULANE AVENUE AND THEN UNKNOWN.

ON FRIDAY, 1/17/97, AT ABOUT 8:40 A.M. DETECTIVE LAINEZ OBSERVED A BLACK MALE, APPROXIMATELY 35 YEARS OF AGE, WHO WAS CLAD IN A MULTI-COLORED SHIRT AND BLUE JEANS, WALKED UP TO 714 S. GAYOSO STREET (APT.9) AND KNOCK AT THE DOOR. SHORTLY AFTER, A BLACK MALE, APPROXIMATELY 50 YEARS OF AGE ANSWERED AND ALLOWED THE VISITOR TO ENTER. THE VISITOR WAS ALLOWED ENTRY BY THE SAME BLACK MALE CLAD IN THE BLUE LONG SLEEVE SHIRT. A SHORT PERIOD OF TIME LATER, THE VISITOR EXITED THE APARTMENT AND HEADED WEST ON GAYOSO STREET TO PERDIDO STREET AND THEN OUT OF THE SIGHT [OF] THE DETECTIVE. BASED ON THE ANONYMOUS COMPLAINT, ALONG WITH THE SURVEILLANCE CONDUCTED BY THE DETECTIVE, IT IS BELIEVED THAT ILLEGAL DRUG ACTIVITY IS BEING SECRETED FROM THE RESIDENCE OF 714 S. GAYOSO STREET, APARTMENT # 9.

    At trial, Officer Lainez explained that the anonymous caller

was a female who stated that she observed activity at the apartment on a regular basis, including days and nights. The officer also stated that during his surveillance he observed several people enter the apartment and leave a short time thereafter. He only mentioned two of the visitors to the apartment in his affidavit. At trial the officer related that he saw one of these visitors reaching for money out of her pants pocket before entering the apartment. However, the officer admitted on cross-examination that he did not see any drug transactions. The officer identified Martin at trial as the person who answered the door and granted entry to each visitor.

In State v. McDonald, 503 So.2d 535 (La.App. 4 Cir.1987), this Court held that vague allegations are not sufficient to establish probable cause for the issuance of a search warrant. In McDonald, this Court determined that the affidavit supplied by the police officers did not set forth sufficient facts to establish probable cause to issue a search warrant. The police officers stated in the affidavit that "an unidentified but reliable informant reported drug sales at a residence (without reporting his means of knowledge) and told police how the person gained entry (by a means not unique); and that several hours of surveillance showed heavy pedestrian traffic in and out of the house, including, during one hour, three persons who separately entered the residence by the reported method and stayed five minutes." McDonald, 503 So.2d at 536. In concluding that the issuing magistrate did not have a substantial basis for finding probable cause, this Court noted that: (1) the affidavit did not set forth the basis of the informant's knowledge; (2) there was no allegation that the informant gained information concerning narcotics transactions through his own personal knowledge; (3) the informant's allegations were not so detailed as to justify an inference of reliability; and (4) the informant's allegations were not corroborated by the officers' report of heavy pedestrian traffic (three people in one hour).

After the fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a de novo review; a magistrate's determination of probable cause should be paid great deference by reviewing courts. Gates, supra, 103 S.Ct. at 2321. In McDonald, this court did not state whether it rendered its decision on the basis of a de novo review. This court did not state that it took into account that a magistrate's determination of probable cause should be paid great deference.

A reviewing court must take into account the "totality of the circumstances--whole picture," giving deference to the inferences and deductions of a trained police officer "that might well elude an untrained person." United States v. Cortez, 449 U.S. 411, 418, 101

S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049. Citing Cortez, the Louisiana Supreme Court further noted that: "The court must also weigh the circumstances known to the police not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Huntley, supra, 708 So.2d at 1049. Deference should be given to the experience of the policemen who were present at the time of the incident; in reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable.

    In the present case the tipster gave specifics about the drug activity. The caller provided a specific address and apartment number. The caller had seen a lot of activity both at day and night. The tipster described the person involved in drug activity as a black male, being the age of about fifty, who was known as "Plat." Officer Lainez's observations corroborated the caller's allegations. The person answering the door fit the description of a black male who was about the age of fifty. The officer saw several people entering and leaving the apartment in a suspicious manner after brief stays. He saw a female reaching for money. The officer stated that the subjects did not appear to be social visitors or "to be in an official capacity such as LP & L or a service person or something who had an official reason to be there." The officer testified that he previously had investigated over 200 drug transactions. From his past experience the officer believed the defendant was engaging in narcotic transactions. The officer's inferences from the facts at hand were reasonable. Reviewing the totality of the circumstances, the issuing magistrate had a substantial basis for finding probable cause to issue a warrant to search Martin's residence. The trial court properly denied Martin's motion to suppress evidence and motion for new trial. (Citations omitted).[9]

In Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the United States Supreme Court limited the scope of federal *habeas corpus* review of Fourth Amendment violations. The Supreme Court held that a state prisoner is not entitled to *habeas corpus* relief based upon a claim that evidence obtained in an unconstitutional search or seizure was introduced at trial

---

[9] State v. Martin, 730 So.2d at 1031-1033.

as long as the state provided an opportunity for a full and fair litigation of his claim. Id., 428 U.S. at 494, 96 S.Ct. at 3052; see also Andrews v. Collins, 21 F.3d 612, 631 (5th Cir. 1994). Full and fair consideration requires consideration by the fact finding court and at least the availability of meaningful appellate review by a higher state court. Davis v. Blackburn, 803 F.2d 807, 807-08 (5th Cir. 1986) (per curiam) (citing O'Berry v. Wainwright, 546 F.2d 1204, 1213 (5th Cir. 1977)). Furthermore, the Stone v. Powell bar applies notwithstanding any argument that there was state court error in deciding the Fourth Amendment claim. Swicegood v. Alabama, 577 F.2d 1322, 1324-25 (5th Cir. 1978).

Having reviewed the record, petitioner has failed to show that the state failed to provide him with a full and fair litigation of his on his Fourth Amendment claim. Petitioner presented his claim to the trial court, the Louisiana Fourth Circuit Court of Appeal, and the Louisiana Supreme Court. After reviewing the record, this Court finds that "the material facts were adequately developed in state court, and [Martin] has not alleged any undeveloped evidence sufficient to call into question the reliability of the state court's determination of [his] federal claims." Andrews, 21 F.3d at 631.[10]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of John Martin for *habeas corpus* relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and

---

[10] In a reply brief, petitioner cites Florida v. J.L., ___ U.S. ___, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) in support of his argument. However, that case came to the United States Supreme Court on direct appeal and not on post-conviction review. Rec. Doc. 8.

recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14 day of July, 2000.

_____
LANCE M. AFRICK
UNITED STATES MAGISTRATE JUDGE